UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Avalon Carriage Service,

        Plaintiff,

vs.                                                    Case No.  3:04-cv-1126-J-16MCR

City of St. Augustine, Florida, Mark Litzinger,
William Harriss, Stuart Gamsey, Gamsey
Carriage Company, Inc., Gan San Enterprises,
Inc. and Spirit of St. Augustine, Inc.,

        Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff Avalon Carriage Service, Inc.'s ("Avalon") Second Motion to Compel Answers to Interrogatories and the Production of Documents from Defendant City of St. Augustine (Doc. No. 86).  Here, Avalon claims that a number of Defendant City of St. Augustine's objections to its discovery requests are improper and that a number of their responses are deficient.  Defendant City of St. Augustine ("the City") filed a response in opposition, arguing the instant motion is untimely and that it has properly responded to all of Avalon's request for discovery.

**Discussion**

Parties are entitled to discovery regarding any matter that is relevant to any claim or defense and is non-privileged. Fed. R. Civ. P. 26(b)(1).  The party seeking production must demonstrate that the request is relevant, i.e., calculated to lead to admissible evidence, although the requested material need not itself be admissible at trial.  Fed. R.

-1-

Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 37(a)(2), the Court may compel production of requested documents, if the documents are discoverable under Fed. R. Civ. P. 34(a). Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983 (1958). However, pursuant to Fed. R. Civ. P. 26(b), the Court may limit discovery upon the determination that the discovery sought is unreasonably burdensome or expensive or the expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources and the importance of the proposed discovery in resolving the issues. See Fed. R. Civ. P. 26(b).

Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

On January 3, 2005, the Court entered a Case Management and Scheduling Order ("CMSO"), providing that discovery in this matter be completed by September 16, 2005. Avalon propounded to the City its second set of interrogatories as well as its second request for production of documents on August 1, 2005. The City served its responses and objections to both discovery requests on August 31, 2005. Sometime thereafter, the parties conferred regarding the City's objections, but were unable to mutually resolve their differences.[1] On October 26, 2005, Avalon filed the instant motion to compel challenging the sufficiency of the City's responses and again accusing the City of obstructing discovery in this case. See Doc. 86.

Avalon provides two reasons regarding the timing of the motion. First, Avalon asserts that it would have been "imprudent" to file the motion until it was able to accurately ascertain which of its discovery requests remained unresolved. Avalon therefore waited until it received discovery responsive to its most recent requests from the City as well as other sources. Second, Avalon asserts it "could have completed this motion faster if Hurricane Katrina had not flooded Avalon's counsel [sic] New Orleans residence with 7.8 feet of water." See Doc. No. 86 at p. 4. In sum, Avalon maintains the unusual diversion caused by Hurricane Katrina, combined with its good faith efforts to resolve the parties latest discovery dispute, reasonably delayed Avalon's filing of the instant motion.

---

[1] Avalon provides no date as to when the parties initially discussed the City's objections to its discovery requests. The City asserts it was notified by Avalon of its intent to file the instant motion to compel on October 19, 2005.

-3-

The City argues Avalon's motion to compel should be denied as untimely. Avalon's request for a conference regarding the discovery at issue was made October 19, 2005, and the motion was filed more than a month after the discovery deadline. However, should the Court decide to the consider the merits of Avalon's motion, the City has properly responded to all interrogatories as well as requests for production.

Here, the Court clearly imposed a discovery deadline of September 16, 2005. Under Rule 16(b), a party seeking to deviate from court ordered deadlines must demonstrate good cause why the scheduling deadlines cannot be met despite the movant's diligent efforts. Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16 (advisory committee's note). Based upon the Court's review, Avalon has failed to do so.

Avalon maintains that, in order to avoid unnecessary judicial labor in considering another motion to compel, it "waited" for the City's most recent production of documents in order to determine whether the City had provided all necessary information requested. Notably, the extensive discovery requests were issued on August 1, 2005, little more than a month prior to the discovery deadline. Additionally, although the circumstances presented by Hurricane Katrina were both tragic and unpredictable, Avalon fails to establish how they impacted its ability to comply with the discovery deadline in this case. Avalon simply asserts, the impact of Hurricane Katrina affected its ability to "move more quickly after the end of discovery" in completing the instant motion.

Accordingly, because Avalon has failed to demonstrate good cause for failing to comply the discovery deadline set forth in the CMSO, it is

**ORDERED**:

Plaintiff Avalon Carriage Service, Inc.'s Second Motion to Compel Answers to Interrogatories and the Production of Documents from Defendant City of St. Augustine (Doc. No. 86) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  21st  day of February, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party