UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Avalon Carriage Service,

                Plaintiff,

vs.                                 Case No.  3:04-cv-1126-J-16MCR

City of St. Augustine, Florida, Mark Litzinger,
William Harriss, Stuart Gamsey, Gamsey
Carriage Company, Inc., Gan San Enterprises,
Inc. and Spirit of St. Augustine, Inc.,

                Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff Avalon Carriage Service, Inc.'s

("Avalon") Motion to Declare the City's Responses to the Requests to Admit as

Insufficient and Therefore Admitted or, in the alternative, Compel the Answers to the

Requests for Admissions.  (Doc. 89).  Defendant City of St. Augustine ("the City") filed a

response in opposition, arguing the instant motion is untimely and that it has properly

responded to all of Avalon's requests for admissions.  (Doc. 96).

      Here, Avalon objects to the City's responses to many of its requests for

admissions and seeks to have the City's responses deemed as admitted.  In the

alternative, Avalon seeks an order requiring the City to provide more complete

responses to the requests for admissions.  (Doc. 89).  The City responds that the instant

motion should be denied as untimely as it was not filed until over a month after the close

of discovery.  (Doc. 96).

On August 1, 2005, Avalon propounded its First Request for Admissions to the City. The City served its response to this request on August 31, 2005. According to the Court's Case Management and Scheduling Order (Doc. 23), discovery closed September 16, 2005 and dispositive motions were due to be filed no later than November 1, 2005. Plaintiff filed the instant motion on October 27, 2006.

As a general matter, motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. Id. The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

When a motion is filed after a scheduling order has been entered, Rule 16(b) applies. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417 (11th Cir. 1998)(per curiam). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause." Id. Once good cause is shown, the Court determines whether

leave should be granted to file the motion after the scheduling order deadline.  This Court takes the adherence to the scheduling order seriously and follows the Eleventh Circuit guidelines that "motions filed after a deadline imposed by a court should be denied as untimely."  Payne v. Ryder System, Inc. Long Term Disability Plan, 173 F.R.D. 537 (M.D. Fla. 1997).  In order to show good cause under Rule 16(b), the moving party must establish that scheduling deadlines could not be met despite a party's diligent efforts.  See Thorn v. Blue Cross and Blue Shield of Florida, Inc., 192 F.R.D. 308, 309 (M.D. Fla. 2000) (internal citations omitted).

Here, Plaintiff claims the instant motion could not be filed prior to the close of discovery because Plaintiff was waiting until it received "the production of documents from the City under the most recent request so that it could determine if the documentation ultimately provided the necessary information that Avalon sought and thereby eliminate the need for a motion to compel."  (Doc. 89, p.4).  Additionally, counsel for Plaintiff claims that Hurricane Katrina destroyed his New Orleans residence thus delaying the filing of this motion.  (Doc. 89, pp. 4-5).

The Court finds neither reason propounded by Plaintiff sufficient to establish good cause for failing to file the instant motion before the discovery deadline.  First, Plaintiff does not explain how the production of documents could have rendered the instant motion unnecessary.  The instant motion seeks an order finding the City's responses to requests for admissions deemed admitted or alternatively requiring the City to provide more complete responses.  Plaintiff has not demonstrated how further documents would have any effect on the City's alleged insufficient responses to

Plaintiff's requests for admissions.  Further, the Court finds Plaintiff has failed to

establish how Hurricane Katrina impacted its ability to file the instant motion before the

discovery deadline in this case.  Counsel for Plaintiff simply states:

> [t]he complications cause[d] by the 7.8 feet of water in the
> undersigned's home, when combined with the time
> consuming good faith effort by Avalon to resolve this latest
> discovery dispute in an effort [to] save the court judicial labor
> and Avalon time in procuring the discovery sought, has
> unfortunately delayed the filing of this motion.

(Doc. 89, pp. 4-5).  This explanation provides no insight into why counsel for Plaintiff

could not meet the scheduling deadline despite diligent efforts.[1]  As such, the

undersigned finds Plaintiff has failed to show good cause for failing to meet the

scheduling deadlines.

Accordingly, after due consideration,  Plaintiff Avalon Carriage Service, Inc.'s

("Avalon") Motion to Declare the City's Responses to the Requests to Admit as

Insufficient and Therefore Admitted or, in the alternative, Compel the Answers to the

Requests for Admissions (Doc. 89) shall be **DENIED** as untimely.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  22nd  day of

February, 2006.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff attempts to blame its delay in filing the instant motion on its 3.01(g) conference with opposing counsel, the Court finds such without merit.  As the City points out in its response, counsel for Plaintiff did not contact counsel for the City regarding the objections to the requests for admissions until October 19, 2005, well after the discovery deadline.  (Doc. 96, pp. 2, 4).

Copies to:

Counsel of Record
Any Unrepresented Party