**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AVALON CARRIAGE SERVICE, INC.,

    Plaintiff,

vs.                                                 Case No. 3:04-cv-1126-J-32MCR

STUART GAMSEY, etc., et al.,

    Defendants.

**ORDER**

On April 27, 2007, following a confidential settlement conference with Magistrate Judge Richardson, the parties announced on the record a settlement in principle of this case. That settlement has now fallen apart amid accusations and recriminations from both sides. Judge Richardson has made valiant efforts to save the settlement but to no avail. Now, each party seeks to "enforce" the settlement, albeit in dramatically different ways with vastly different outcomes. Plaintiff seeks to have the Court "reform" the settlement agreement. Defendants ask the Court to declare that a binding settlement agreement was reached, that plaintiff repudiated the settlement agreement and therefore the case is simply now due to be dismissed with prejudice.

After reviewing the voluminous materials offered by both sides to persuade the Court to see things their way, I reluctantly conclude that there is no legally binding settlement to enforce. See Londono v. City of Gainesville, 768 F.2d 1223, 1227 (11th Cir. 1985) (court has a duty to decide whether the parties have reached a "meeting of the minds and made an

enforceable contract" to settle the case). Despite the appearance of a settlement in principle, the parties never reached the requisite "meeting of the minds" necessary to make a binding settlement agreement. It appears that, at best, the parties reached an unenforceable "agreement to agree." See CSX Transportation, Inc. v. Professional Transportation, Inc., 467 F.Supp. 2d 1333 (M.D. Fla. 2006). Moreover, the "broad terms" to which the parties did appear to agree turned out to be too vague and imprecise to be legally enforceable.

Therefore, with regret, the Court will deny both parties' motions to enforce the settlement agreement, declare that there is no legally enforceable settlement agreement and restore this case to the trial calendar.[1]

It is hereby **ORDERED:**

1. Defendants' Motion for Involuntary Dismissal of Plaintiff's Amended Complaint and Sanctions (Doc. 247) is **DENIED**.

2. Plaintiff Avalon Carriage Service, Inc.'s Dispositive Unopposed Motion Seeking Enforcement of the Settlement Agreement Upon the Holding of an Evidentiary Hearing (Doc. S-8) is **DENIED.**

---

[1] In other circumstances the Court might be inclined to direct the parties to try again to settle this case. However, given the level of distrust and vitriol evidenced by the parties' papers, the Court believes such a course to be futile at this time. The only other thought I have is to appoint a "Special Master" to confer with each side separately and then to independently propose a settlement that each side would be free to either accept or reject. If accepted, the Special Master would be tasked with actually implementing the agreement. If the parties have any interest in this, they can let me know. Otherwise, we will simply go to trial.

3.  All other relief regarding the settlement agreement requested in the parties' respective pleadings (S-9, S-11, S-15) is **DENIED**.

4.  Plaintiff Avalon Carriage Service, Inc.'s Motion for Sanctions under Federal Rule of Civil Procedure 11 (Doc. S-13) is **DENIED.**

5.  Now that the Court has denied all motions to enforce the settlement agreement, the parties, no later than **October 1, 2007,** should advise the Court whether the documents currently under seal need to remain under seal and why.  See Local Rule 1.09.

6.  This case is set for the trial term beginning **December 3, 2007**.  The Court expects to soon issue rulings on the pending motions in limine and Daubert motions. Although the Court has previously conducted a pretrial conference, the Court now sets this case for a pretrial status hearing on **November 20, 2007 at 2:00 p.m.** before the undersigned in Courtroom 10B to discuss any remaining issues in advance of trial.  The parties' pretrial statement and trial briefs, previously submitted, will stand over.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of September, 2007.

                                                TIMOTHY J. CORRIGAN
                                                United States District Judge

md.
Copies:

Honorable Monte C. Richardson
United States Magistrate Judge

counsel of record