**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AVALON CARRIAGE SERVICE, INC.,
etc.,
          Plaintiff,

vs.                                                      Case No. 3:04-cv-1126-J-32MCR

CITY OF ST. AUGUSTINE, FLORIDA,
etc., et al.,
          Defendants.

## **ORDER**[1]

This case is before the Court on the Motion of Defendants City of St. Augustine, Florida, Mark Litzinger and William Harriss for an Award of Costs (Doc. 328), as well as Defendants' Motion to Strike Plaintiff's Response in Opposition to the Motion for Costs (Doc. 344). Plaintiff has responded to these motions (Docs. 341, 345, 346, 349 and 362).

The Court declines to award costs pursuant to 42 U.S.C. § 1988; therefore defendants are limited in their costs recovery to those items permitted by 28 U.S.C. § 1920. Therefore, defendants' request for research charges, mileage, parking, meals for out of town travel and lodging, delivery expenses and public record request fees are disallowed.[2] Defendants are entitled to their fees for services of trial subpoenas in the amount of $372.80. Although

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Defendants have withdrawn their request for expert witness fees in the amount of $121,438.59 (Doc. 356).

defendants are also entitled to their photocopy and duplication expenses, as well as their expenses for deposition and other transcript fees, the Court has some concern whether the entirety of the $11,641.59 in photocopy and duplication fees and the $13,615.99 for transcript fees are taxable in their entirety.  Rather than require further documentation and further responses and make a "federal case" out of this issue, the Court will simply reduce both of these requests by twenty five percent (25%) .  This means that the photocopy and duplication costs will be reduced to $8,731.19 and the transcript fees will be reduced to $10,211.99.  Thus, the Court finds the total taxable costs to be $19,315.98.

The Court has considered plaintiff's request to consider its financial status as a factor in deciding whether to deny or limit the costs award, but finds this is not the "rare" case where costs ought to be reduced based on plaintiff's financial situation.  See Chapman v. AI Transport, 229 F.3d 1012, 1038-40 (11th Cir. 2000).  However, while not requiring the City to follow this suggestion, the Court submits that the City ought to consider allowing plaintiff to pay this cost judgment over time, for example by allowing a certain portion of the cost judgment to be paid at the same time that annual license fees are paid.

Accordingly, it is hereby

**ORDERED:**

1.	Defendant's Motion to Tax Costs (Doc. 328) is **GRANTED** as stated above.

2.	Defendant's Motion to Strike (Doc. 344) is **DENIED**.

3.	The Amended Motion to Withdraw as Attorney by Ripley Entertainment, Inc. (Doc. 355) is **GRANTED**.

4. The Clerk is directed to enter a judgment in favor of the City of St. Augustine, Florida and against Avalon Carriage Service, Inc. in the amount of $19,315.98.[3]

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of September, 2009.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

md.
Copies to:
Counsel of record

---

[3]The Court assumes that the judgment should just be in favor of the City of St. Augustine, believing that defendants Litzinger and Harriss did not pay costs out of their own pockets. If this incorrect, defendants can move to amend the judgment.